UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE J. FOXX, UNKNOWN SPOUSE OF GEORGE J. FOXX; UNKNOWN TENANT #1, and UNKNOWN TENANT #2,<br><br>    Defendants.<br><br>GEORGE J. FOXX,<br><br>    Defendant/Counter-Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4,<br><br>    Third-Party Defendant and Plaintiff/Counter-Defendant. | CASE NO.: 8:13-cv-00115-MSS-TBM |

## OCWEN'S AND DEUTSCHE'S VERIFIED RESPONSES AND OBJECTIONS TO FOXX'S SECOND SET OF INTERROGATORIES

Third-Party Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), and Plaintiff/Counter-Defendant, Deutsche Bank National Trust Company, as trustee for Securitized Asset Backed



Receivables LLC Trust 2007-BR4, Mortgage Pass-Through Certificates, Series 2007-BR4 ("Deutsche") (collectively, "Defendants"), by and through their undersigned counsel, hereby respond and object to the Interrogatories propounded by Defendant/Counter-Plaintiff, George J. Foxx ("Foxx"), on June 17, 2013.

## I. PRELIMINARY STATEMENT

These responses have been prepared pursuant to a reasonably diligent inquiry for the information requested. They reflect information obtained by Defendants pursuant to a reasonably diligent inquiry conducted in connection with the Interrogatories in those areas where information is expected to be found. To the extent that any of the Interrogatories purport to require more, Defendants object on the grounds that they impose an undue burden or expense.

The information provided in these responses is based upon such information as is reasonably available to Defendants, and Defendants expressly reserve the right, without assuming any duty not required by the Federal Rules of Civil Procedure or order of this Court, to revise, correct, supplement, add to, amend, or clarify any of these responses and/or objections when and if additional information or documentation comes to their attention.

Whether responding to each Interrogatory by answer or objection, Defendants do not concede the relevance, materiality, or admissibility as evidence for any purpose of any of the Interrogatories, the responses thereto, or the subject matter to which they refer.

## II. GENERAL OBJECTIONS

Without in any way limiting the Preliminary Statement set forth above, Defendants assert the following general objections:

1. Defendants object to the Interrogatories to the extent that Foxx seeks information protected by the attorney-client privilege or the accountant-client privilege, that was prepared in anticipation of litigation, and/or that is attorney work product.

2. Defendants object to the Interrogatories, and any instructions or definitions therewith, to the extent that Foxx requires Defendants to provide information not within the scope of discovery permitted by the Federal Rules of Civil Procedure.

3. Defendants object to the Interrogatories to the extent that Foxx seeks information, documents, or responses relating to matters that are not raised in the pleadings on the grounds that the information is not relevant to this Action and not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the Interrogatories to the extent that Foxx seeks information that is not within Defendants' possession, custody, or control and/or is uniquely within the knowledge of Foxx in this Action or other third parties with knowledge relevant to this Action.

5. Defendants object to the Interrogatories to the extent that Foxx seeks information that is vague, ambiguous, overbroad, unduly burdensome, oppressive, vexatious, or not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendants object to the Interrogatories to the extent that they exceed the limitation on the number of written interrogatories that may be served on a party pursuant to Federal Rule of Civil Procedure 33 and the Case Management and Scheduling Order entered by this Court on March 14, 2013. Specifically, Rule 33(a) and Part I.C. of the Case Management and Scheduling Order only permit 25 interrogatories, including subparts, absent leave of this Court. Foxx exceeded this limitation when he previously propounded 31 interrogatories to Ocwen and 18 interrogatories to Deutsche, to which Defendants have fully responded. Foxx

further exceeds this limitation by propounding 16 additional Interrogatories to Defendants herein without permission from the Court.

7. By responding or providing information herewith, Defendants do not waive, and expressly preserve, the general objections set forth herein and do not concede the relevancy or admissibility of any response.

### III. RESPONSES AND SPECIFIC OBJECTIONS

1. What was the specific/actual date the SMA was officially rejected by Ocwen?

**RESPONSE:** Defendants object to this Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Notwithstanding the foregoing objections, and without waiving the same, Ocwen rejected the loan modification agreement (the "Modification") offered to Foxx on or about May 27, 2011, upon the expiration of the Modification pursuant to the terms of the Modification. In support, pursuant to Federal Rule of Civil Procedure 33(d), Defendants previously produced to Foxx the servicing file, servicing notes, and a payment history (collectively, the "Production") related to the note (the "Note") and the mortgage (the "Mortgage") (collectively, the "Loan") which are the subject of this Action. Defendants direct Foxx to Document Foxx/Ocwen000048 of the Production.

2. From the interpretation from the first set of interrogatories; is it true that Ocwen's contention is it never received the executed SMA from Foxx until July 6, 2011?

**RESPONSE:** Defendants object to this Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. In support, Defendants direct Foxx to the responses to Interrogatory Numbers 24 through 29 in Ocwen's and Deutsche's Verified Responses and Objections to Foxx's Interrogatories. Defendants also direct Foxx to Document Foxx/Ocwen000042 of the Production. Notwithstanding the foregoing objections, and without waiving the same, Ocwen did not receive an executed copy of the Modification from Foxx until on or about July 6, 2011.

3. Please explain Foxx/Ocwen Document 000001; transaction 06/03/2011.

**RESPONSE:** Defendants object to this Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Defendants also object to the Interrogatory as Document Foxx/Ocwen000001 of the Production speaks for itself. Notwithstanding the foregoing objections, and without waiving the same, such transaction shows that on June 2, 2011, Ocwen returned a payment received from Foxx under the Modification to the source from which the payment was received because the Modification was not effective.

4

4. Please explain Foxx/Ocwen Document 000068; transaction 06/03/2011.

**RESPONSE:** Defendants object to this Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Defendants also object to the Interrogatory as Document Foxx/Ocwen000068 of the Production speaks for itself. Notwithstanding the foregoing objections, and without waiving the same, such transaction shows that on June 3, 2011, Ocwen returned a payment received from Foxx under the Modification to the source from which the payment was received because the Modification was not effective.

5. Please explain Foxx/Ocwen Documents 120-126; dates of documents.

**RESPONSE:** Defendants object to this Interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, and solely calculated to delay this Action, vex, and annoy. Defendants also object to the Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Further, Documents Foxx/Ocwen000120 through Foxx/Ocwen000126 of the Production speak for themselves.

6. Why are the Foxx/Ocwen documents 120-126 in mixture of dates?

**RESPONSE:** Defendants object to this Interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, and solely calculated to delay this Action, vex, and annoy. Defendants also object to the Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Further, Documents Foxx/Ocwen000120 through Foxx/Ocwen000126 of the Production speak for themselves.

7. What is the difference between Foxx/Ocwen 000684-686 when compared to Foxx/Ocwen 000120-123?

**RESPONSE:** Defendants object to this Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Defendants also object to the Interrogatory as Documents Foxx/Ocwen000120 through Foxx/Ocwen000123 and Foxx/Ocwen000684 through Foxx/Ocwen000686 of the Production speak for themselves. Notwithstanding the foregoing objections, and without waiving the same, Documents Foxx/Ocwen000684 through Foxx/Ocwen000686 of the Production simply represent an additional copy of the Modification showing that the Modification was rejected.

8. How did Ocwen obtain the documents Foxx/Ocwen 145-168?

**RESPONSE:** Defendants object to this Interrogatory and, as grounds therefor, assert that it seeks to discover information which is not relevant to the subject matter of this Action in that it is outside the scope of the Action and is not reasonably calculated to lead to the

5

discovery of admissible evidence. Further, the Interrogatory is vague, ambiguous, overly broad, unduly burdensome, and solely calculated to delay this Action, vex, and annoy. Defendants also object to the Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Finally, Defendants object to the Interrogatory as Documents Foxx/Ocwen000145 through Foxx/Ocwen000168 of the Production speak for themselves.

9. Please explain Foxx/Ocwen document 000157; how did Ocwen obtain this document?

RESPONSE: Defendants object to this Interrogatory and, as grounds therefor, assert that it seeks to discover information which is not relevant to the subject matter of this Action in that it is outside the scope of the Action and is not reasonably calculated to lead to the discovery of admissible evidence. Further, the Interrogatory is vague, ambiguous, unduly burdensome, and solely calculated to delay this Action, vex, and annoy. Defendants also object to the Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Finally, Document Foxx/Ocwen000157 of the Production speaks for itself. Notwithstanding the foregoing objections, and without waiving the same, Document Foxx/Ocwen000157 of the Production is correspondence to Foxx from a previous servicer of the Loan. Deutsche acquired rights as the holder of the Loan on or about September 18, 2007, and Ocwen began servicing the Loan on or about September 1, 2010. Deutsche, as the holder of the Note, and Ocwen, as servicer on behalf of Deutsche, are entitled to enforce the Note and the Mortgage pursuant to Section 673.3011(1), Florida Statutes (2013). Consequently, Defendants object to the Interrogatory because the Interrogatory relates to the actions or non-action of a third party to this Action.

10. Please explain Foxx/Ocwen documents 000201-204; where did these documents originate from?

RESPONSE: Defendants object to this Interrogatory and, as grounds therefor, assert that it seeks to discover information which is not relevant to the subject matter of this Action in that it is outside the scope of the Action and is not reasonably calculated to lead to the discovery of admissible evidence. Further, the Interrogatory is vague, ambiguous, unduly burdensome, and solely calculated to delay this Action, vex, and annoy. Defendants also object to the Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Finally, Documents Foxx/Ocwen000201 through Foxx/Ocwen000204 of the Production speak for themselves. Notwithstanding the foregoing objections, and without waiving the same, Documents Foxx/Ocwen000201 through Foxx/Ocwen000204 of the Production represent the Uniform Residential Loan Application related to the Loan. Deutsche acquired rights as the holder of the Loan on or about September 18, 2007, and Ocwen began servicing the Loan on or about September 1, 2010. Deutsche, as the holder of the Note, and Ocwen, as servicer on behalf of Deutsche, are entitled to enforce the Note and the Mortgage pursuant to Section 673.3011(1), Florida Statutes. Consequently, Defendants object to the

Interrogatory because Defendants did not originate the Loan and because the Interrogatory relates to the actions or non-action of a third party to this Action.

11. Please explain Foxx/Ocwen documents 000206-210; where did these documents originate from?

RESPONSE: Defendants object to this Interrogatory and, as grounds therefor, assert that it seeks to discover information which is not relevant to the subject matter of this Action in that it is outside the scope of the Action and is not reasonably calculated to lead to the discovery of admissible evidence. Further, the Interrogatory is vague, ambiguous, unduly burdensome, and solely calculated to delay this Action, vex, and annoy. Defendants also object to the Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Finally, Documents Foxx/Ocwen000206 through Foxx/Ocwen000210 of the Production speak for themselves. Notwithstanding the foregoing objections, and without waiving the same, Documents Foxx/Ocwen000206 through Foxx/Ocwen000210 of the Production represent correspondence from Foxx to a third party to this Action and the Uniform Residential Loan Application related to the Loan. Deutsche acquired rights as the holder of the Loan on or about September 18, 2007, and Ocwen began servicing the Loan on or about September 1, 2010. Deutsche, as the holder of the Note, and Ocwen, as servicer on behalf of Deutsche, are entitled to enforce the Note and the Mortgage pursuant to Section 673.3011(1), Florida Statutes. Consequently, Defendants object to the Interrogatory because Defendants did not originate the Loan and because the Interrogatory relates to the actions or non-action of a third party to this Action.

12. Please explain Foxx/Ocwen document 000216; where did this document originate from?

RESPONSE: Defendants object to this Interrogatory and, as grounds therefor, assert that it seeks to discover information which is not relevant to the subject matter of this Action in that it is outside the scope of the Action and is not reasonably calculated to lead to the discovery of admissible evidence. Further, the Interrogatory is vague, ambiguous, unduly burdensome, and solely calculated to delay this Action, vex, and annoy. Defendants also object to the Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Finally, Document Foxx/Ocwen000216 of the Production speaks for itself. Notwithstanding the foregoing objections, and without waiving the same, Document Foxx/Ocwen000216 of the Production represents part of the United States Department of Housing and Urban Development Settlement Statement related to the Loan. Deutsche acquired rights as the holder of the Loan on or about September 18, 2007, and Ocwen began servicing the Loan on or about September 1, 2010. Deutsche, as the holder of the Note, and Ocwen, as servicer on behalf of Deutsche, are entitled to enforce the Note and the Mortgage pursuant to Section 673.3011(1), Florida Statutes. Consequently, Defendants object to the Interrogatory because Defendants did not originate the Loan and because the Interrogatory relates to the actions or non-action of a third party to this Action.

13. Is it true, from the interpretation from the first set of interrogatories; pp. 9-12 (specifically #25) that Ocwen never received the executed SMA from Foxx until July 6, 2011 and returned all payments to Foxx?

**RESPONSE:** **Defendants object to this Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Notwithstanding the foregoing objections, and without waiving the same, Ocwen did not receive an executed copy of the Modification from Foxx until on or about July 6, 2011, and thus, the Modification never went into effect. Accordingly, any payments received from Foxx under the Modification were rejected and returned to the source from which such payments were received. In support, pursuant to Federal Rule of Civil Procedure 33(d), Defendants direct Foxx to the Production.**

14. What is Gina Johnson's official position?

**RESPONSE: Defendants object to this Interrogatory and, as grounds therefor, assert that it seeks to discover information which is not relevant to the subject matter of this Action in that it is outside the scope of the Action and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, and without waiving the same, Gina Johnson is a Senior Loan Analyst for Ocwen.**

15. How long has Gina Johnson been employed by Ocwen/Deutsche?

**RESPONSE: Defendants object to this Interrogatory and, as grounds therefor, assert that it seeks to discover information which is not relevant to the subject matter of this Action in that it is outside the scope of the Action and is not reasonably calculated to lead to the discovery of admissible evidence.**

16. What was the fax number for which Foxx was supposed to have used in executing the SMA?

**RESPONSE:** **Defendants object to this Interrogatory to the extent that it seeks information that is already in Foxx's possession and/or information that is otherwise equally accessible to Foxx. Notwithstanding the foregoing objections, and without waiving the same, the correspondence sent to Foxx with the Modification required Foxx to return an executed copy of the Modification to Ocwen either by facsimile to (561) 682-7134, or by mail to INV REL Modification Department, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.**

**[SIGNATURES ON FOLLOWING PAGES]**

OCWEN LOAN SERVICING, LLC AS
ATTORNEY IN FACT FOR DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE
UNDER POOLING AND SERVICING
AGREEMENT DATED AS OF MAY 1, 2007
FOR SECURITIZED ASSET BACKED
RECEIVABLES LLC TRUST 2007-BR4

By: *Gina Johnson*
Title: *Senior Loan Analyst*

**EXECUTION AS TO RESPONSES**

STATE OF FLORIDA )

COUNTY OF ORANGE )

BEFORE ME, the undersigned authority, this 17th day of July, 2013, personally appeared Gina Johnson, Senior Loan Analyst (authorized representative) who is personally known to me, and who after being first duly sworn, states that s/he is the person who provided the answers for Ocwen's and Deutsche's Second Set of Interrogatories to Foxx, and that the answers provided herein are true and correct.

Notary Seal

COLETTE ROGERS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# DD0916512
Expires 8/12/2013

Print Name *Colette Rogers*

My Commission Expires: 8/12/2013

9

## EXECUTION AS TO OBJECTIONS

Dated this __17__ day of __July__, 2013.

>BAKER, DONELSON, BEARMAN,
>CALDWELL & BERKOWITZ, P.C.
>390 North Orange Avenue
>Post Office Box 1549
>Orlando, Florida 32802
>Telephone: (407) 422-6600
>Telecopier: (407) 841-0325
>*Counsel for Ocwen and Deutsche*
>
>By: _____
>Jeffrey C. Sirolly
>Florida Bar No. 31422
>*jsirolly@bakerdonelson.com*
>*cmp01@bakerdonelson.com*
>*fedcts@bakerdonelson.com*